# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KASEY REED, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCAN ALLIANCE, INC. d/b/a FRANCISCAN HEALTH OLYMPIA FIELDS, LYNNE STEINHAUER, Individually and In her Official Capacity as Supervisor/ER Manager <br><br> Defendants. | 1:24-cv-02769 <br> Hon. Jeffrey Cummings <br> Magistrate Appenteng |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

DEFENDANTS FRANCISCAN ALLIANCE, INC. and LYNNE STEINHAUER, pursuant to Fed. R. Civ. P. 8, by and through their attorneys GORDON REES SCULLY MANSUKHANI, LLP, provide the following Answer and Affirmative Defenses to the Complaint of Plaintiff:

## PARTIES

1. Plaintiff KASEY REED ("REED") is a black female who resides in the City of Matteson, State of Illinois. REED is disabled due to cancer and neuropathy.

*Answer*: **Defendants admit Plaintiff is a black female. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations.**

2. Defendant FRANCISCAN ALLIANCE, INC. d/b/a FRANCISCAN HEALTH OLYMPIA FIELDS ("FRANCISCAN") is an Illinois Not for Profit Corporation. FRANCISCAN'S main office is located at 20201 S. Crawford Ave., Olympia Fields, Illinois 60461. FRANCISCAN is licensed to do business in Illinois. FRANCISCAN is a hospital and medical center and employs more than 100 employees

1

*Answer:* **Defendants deny FRANCISCAN is an Illinois corporation. Defendants admit FRANCISCAN maintains an office and operates the Franciscan Health Olympia Fields Hospital and Medical Center. FRANCISCAN admits it employs over 100 employees.**

3. LYNNE STEINHAUER is a non-black and non-disabled female who resides within the jurisdictional limits of this Court and who at all times related to this complaint was employed by FRANCISCAN as a nursing supervisor/emergency room manager.

*Answer*: **Defendants admit the allegation in Par. 3**

4. At all times relevant hereto, Defendant acted by and tough its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of their job duties.

*Answer*: **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Par. 4.**

## JURISDICTION AND VENUE

5. REED has received a right to sue notification from the Illinois Department of Human Rights. (A true and correct copy of the Notice of Dismissal and Right to Sue Notification is attached as Exhibit A).

*Answer*: **Defendants admit the allegation in Par. 5.**

6. Jurisdiction and venue are proper in the County of Cook, State of Illinois.

*Answer:* **Defendants deny the allegation in Par. 6.**

## FACTUAL ALLEGATIONS

7. REED was hired by FRANCISCAN on or about April 11, 2022 as a patient care coordinator.

*Answer:* **Defendants admit the allegation in Par. 7.**

8. REED is a disabled person within the meaning of the statute. REED's disabilities are cancer and neuropathy, which disabilities and corresponding restrictions were disclosed to FRANCISCAN at the time she was hired.

*Answer*: **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of REED's disabilities but deny they were disclosed to FRANCISCAN at the time of REED's hire.**

9. At all times REED's work performance met FRANCISCAN's expectations.

*Answer*: **Defendants deny the allegation in Par. 9.**

10. In fact, REED was often called on to work extra shifts when the emergency room was short staffed.

*Answer*: **Defendants deny the allegation that staffing practices related to performance as alleged in Pars. 9 and 10.**

11. REED never received any discipline, including verbal or written warnings, during the course of her employment.

*Answer*: **Defendants deny the allegation in Par. 11.**

12. During REED's employment, FRANCISCAN failed and refused to provide REED with training related to her job and with equipment needed to properly perform her job.

*Answer*: **Defendants deny the allegation in Par. 12.**

13. On or about June 6, 2022, REED was discharged by STEINHAUER (white non-disabled female).

*Answer*: **Defendants admit that FRANCISCAN discharged REED on June 6, 2022 and STEINHAUER delivered the decision.**

14. The Cited reason for REED's discharge was unsatisfactory performance.

*Answer:*     **Defendants admit the allegation in Par. 14.**

15.    This reason is pretextual because it is untrue and because similarly situated individuals outside REED's protected groups were not discharged engaging in similar conduct.

*Answer:*     **Defendants deny the allegation in Par. 15.**

## COUNT I (RACE/IHRA)

16.    Plaintiff re-states and re-alleges the allegations contained in paragraphs 1-15 as though specifically stated herein.

*Answer*:     **Defendants restate their responses to paragraphs 1-15 as if restated herein.**

17.    REED's race is black.

*Answer:*     **Defendants admit the allegation in Par. 17.**

18.    REED was discriminated against by Defendants based on her race in that similarly situated individuals who are non-black were treated differently.

*Answer*:     **Defendants deny the allegation in Par. 18.**

## COUNT II (DISABLITY (CANCER)/IHRA)

19.    Plaintiff re-states and re-alleges the allegations contained in paragraphs 1-15 as though specifically stated herein.

*Answer*:     **Defendants restate their responses to paragraphs 1-15 as if restated herein.**

20.    REED's disability is cancer.

*Answer:*     **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of REED's disabilities.**

21.    REED was discriminated against by Defendants based on her disability in that similarly situated individuals who are non-disabled were treated differently.

*Answer*:     **Defendants deny the allegation in Par. 21.**

## COUNT III (DISABLITY (NEUROPATHY)/IHRA)

22. Plaintiff re-states and re-alleges the allegations contained in paragraphs 1-15 as though specifically stated herein.

*Answer*: **Defendants restate their responses to paragraphs 1-15 as if restated herein.**

23. REED's disability is neuropathy.

*Answer:* **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of REED's disabilities.**

24. REED was discriminated against by Defendants based on her disability in that similarly situated individuals who are non-disabled were treated differently.

*Answer*: **Defendants deny the allegation in Par. 24.**

## COUNT IV (ADA)

25. Plaintiff re-states and re-alleges the allegations contained in paragraphs 1-15 as though specifically stated herein.

*Answer*: **Defendants restate their responses to paragraphs 1-15 as if restated herein.**

26. Defendant is an "employer" within the meaning of the ADA because it engaged in an industry affecting commerce and because the maintains or maintain fifteen or more employee for each working day in each of twenty of more weeks in the current or preceding calendar year.

*Answer:* **Defendant FRANCISCAN admits the allegation in Par. 26. Defendant STEINHAUER denies the allegation in Par. 26**.

27. Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because she has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activity, or because she has a record of such impairment.

*Answer:* **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of REED's disabilities.**

28. Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff was regarded as and/or perceived by Defendant and its agents as having a physical or mental impairment that substantially limited/limits one or more major life activity.

*Answer:* **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of REED's disabilities.**

29. The foregoing conduct by Defendant constitutes unlawful discrimination and retaliation against Plaintiff on the basis of disability or perceived disability.

*Answer:* **Defendants deny the allegation in Par. 29.**

30. The allegations more particularly described above constituted violations of the Americans with Disabilities Act of 1990, as amended [citation omitted], when Defendants failed to accommodate Plaintiff.

*Answer*: **Defendants deny the allegation in Par. 30**

31. The allegations more particularly described above caused Plaintiff wage loss, benefits loss, and expenses, all to her damage.

*Answer:* **Defendants deny the allegation in Par. 31**.

## COUNT V (REHAB ACT)

32. Plaintiff re-states and re-alleges the allegations contained in paragraphs 1-15 as though specifically stated herein.

*Answer***:** **Defendants restate their responses to paragraphs 1-15 as if restated herein.**

33. Upon information and belief, Defendant received federal funding from the United States or accepts funds from the State of Illinois that are provided by the United States.

*Answer*        **Defendants admit the allegation in Par. 33.**

34.     Plaintiff is an individual with a disability as defined under Section 504 of the Rehabilitation Act of 1973 [citation omitted] or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activity, or because Plaintiff had a record of such impairment.

*Answer:*       **Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of REED's disabilities.**

35.     The allegations more particularly described above constituted violations of the Rehabilitation Act against Plaintiff on the basis of her disability or perceived disability.

*Answer:*       **Defendants deny the allegation in Par. 35**.

36.     The allegations regarding the intentional discriminatory practices of Defendant, were not made in good faith or reasonable grounds for believing that the conduct did not violate the Rehabilitation Act.

*Answer:*       **Defendants deny the allegation in Par. 36**.

37.     The allegations above caused Plaintiff damages.

*Answer:*       **Defendants deny the allegation in Par. 37**.

## COUNT VI (DISCRIMINATION AND HARASSMENT/TITLE VII)

38.     Plaintiff re-states and re-alleges the allegations contained in paragraphs 1-15 as though specifically stated herein.

*Answer*:       **Defendants restate their responses to paragraphs 1-15 as if restated herein.**

39.     Plaintiff is an "employee" as that term is defined by 42 USC § 2000e(f)

*Answer:*       **Defendant FRANCISCAN admits the allegation in Par. 39. Defendant STEINHAUER denies the allegation in Par. 39**.

40.     Defendant is an "employer" as that term is defined by 42 USC § 2000e(b).

*Answer:* **Defendant FRANCISCAN admits the allegation in Par. 40. Defendant STEINHAUER denies the allegation in Par. 40**.

41. Title VII of the Civil Rights Act of 1964 [citation omitted] prohibits discrimination based on disability or race in employment.

*Answer:* **Defendants admit Title VII prohibits discrimination based on race but not disability. Defendants answer other laws prohibit disability discrimination.**

42. Based on the above-described acts, practices and omission, Defendant engaged in unlawful discrimination under Title VII based on Plaintiff's disability and race.

*Answer:* **Defendants deny the allegation in Par. 42**.

43. Furthermore, Defendants illegal actions against Plaintiff resulted in adverse impacts on the terms and conditions of Plaintiff's employment and further subjected Plaintiff to harassment and a hostile work environment.

*Answer*: **Defendants deny the allegation in Par. 43.**

44. Defendant's conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's positon would find Plaintiff's work environment to be hostile or abusive.

*Answer*: **Defendants deny the allegation in Par. 44.**

45. Defendant knew or should have known of STEINHAUER's and others' conduct and failed to take prompt, remedial action to stop their conduct.

*Answer*: **Defendants deny the allegation in Par. 45.**

46. As such, Defendant violated 42 USC § 2000e-2(a) and discriminated against Plaintiff by not only subjecting her to sufficiently severe or pervasive harassment based on disabilities so as to alter the terms and conditions of her employment, but also failing to act and condoning or tolerating

such harassment, subjecting Plaintiff to less favorable terms and conditions of employment by imposing heightened and/or disproportionate discipline on Plaintiff.

*Answer*: **Defendants deny the allegation in Par. 46.**

47. The reasons Defendant submits for changing the terms and conditions of Plaintiff's employment and for terminating her are false and pretextual for unlawful discrimination and retaliation.

*Answer*: **Defendants deny the allegation in Par. 47.**

48. REED was discriminated against by Defendants based on her race and disability in that similarly situated individuals who were non-black and non-disabled were treated differently.

*Answer*: **Defendants deny the allegation in Par. 48.**

49. In unlawfully discriminating and retaliating against Plaintiff, Defendants acted willfully, wantonly and/or with malice or with conscious and or/reckless indifference to Plaintiff's equal rights under law, thereby necessitating the imposition of exemplary damages.

*Answer*: **Defendants deny the allegation in Par. 49.**

50. The allegations more particularly described above caused Plaintiff damages.

*Answer*: **Defendants deny the allegation in Par. 50.**

## COUNT VII (RETALIATION/TITLE VII)

51. Plaintiff re-states and re-alleges the allegations contained in paragraphs 1-15 as though specifically stated herein.

*Answer*: **Defendants restate their responses to paragraphs 1-15 as if restated herein.**

52. Plaintiff engaged in protected activity when she complained about discrimination and harassment based on race and disability.

*Answer*: **Defendants deny the allegation in Par. 52.**

53. In retaliation for Plaintiff's complaint, Defendant disciplined and terminated her.

*Answer*: **Defendants deny the allegation in Par. 53.**

54 There was a causal connection between Plaintiff's complaints and the materially adverse actions taken against Plaintiff by Defendant.

*Answer*: **Defendants deny the allegation in Par. 54.**

55. The retaliation endured by Plaintiff would dissuade a reasonable employee from making complaints of discrimination and harassment.

*Answer*: **Defendants deny the allegation in Par. 55.**

56. Defendant retaliated against Plaintiff for engaging in protected activity in violation of the IHRA, Title VII, the ADA, and the Rehabilitation Act.

*Answer*: **Defendants deny the allegation in Par. 56.**

WHEREFORE, Defendants Franciscan Alliance, Inc. and Lynne Steinhauer hereby request that this Honorable Court enter judgment in their favor and against Plaintiff on all counts and award them all relief available in law and equity.

Dated: April 15, 2024                                    Respectfully submitted,


                                                By:  /s/ Patrick F. Moran

                                                     *Attorney for Defendants*
                                                     *Franciscan Alliance, Inc. and*
                                                     *Lynne Steinhauer*




Patrick F. Moran (No. 6279297)
Gordon Rees Scully Mansukhani, LLP
1 N. Franklin St., Suite 800
Chicago, IL 606060
(312) 980-6774
pmoran@grsm.com

# AFFIRMATIVE DEFENSES

DEFENDANTS FRANCISCAN ALLIANCE, INC. and LYNNE STEINHAUER, pursuant to Fed. R. Civ. P. 8, by and through their attorneys GORDON REES SCULLY MANSUKHANI, LLP, provide the following Affirmative Defenses to the Complaint of Plaintiff:

1. Plaintiff failed to exhaust administrative remedies, including failing to:

    - timely file the requisite administrative charge;
    - name the employer or other defendants in the charge; or
    - include allegations or theories of recovery in the complaint in the underlying charge.

2. Plaintiff's claims are defeated by the defenses provided in *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775, 786, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).

3. Plaintiff's current or past at-will employment status prohibits her complaint regarding termination.

4. The after-acquired evidence doctrine prohibits certain of Plaintiff's damages.

5. The same actor inference, applicable when the same person who hired the plaintiff with knowledge of the plaintiff's protected class membership was the decision maker in the adverse employment action, such as termination or demotion

6. Undue hardship under the ADA relates to Plaintiff's claim for accommodation.

7. The direct threat defense under the ADA related to Plaintiff's disability allegations.

8. Certain of Plaintiff's claims for damages are barred by unavailability of punitive or compensatory damages under the statute

9. Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, Defendants Franciscan Alliance, Inc. and Lynne Steinhauer hereby request that this Honorable Court enter judgment in their favor and against Plaintiff on all counts and award them all relief available in law and equity.

Dated: April 15, 2024

Respectfully submitted,

By: /s/ Patrick F. Moran

*Attorney for Defendants*
*Franciscan Alliance, Inc. and*
*Lynne Steinhauer*

Patrick F. Moran (No. 6279297)
Gordon Rees Scully Mansukhani, LLP
1 N. Franklin St., Suite 800
Chicago, IL 606060
(312) 980-6774
pmoran@grsm.com